IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **Ashley Brown, individually and on behalf of all others similarly situated,**<br><br>*Plaintiff,*<br><br>v.<br><br>**Groendyke Transport Inc.**<br><br>*Defendant.* | CIV-22-549-J<br><br>**COLLECTIVE ACTION COMPLAINT** |

Ashley Brown, individually and on behalf of all others similarly situated, brings suit against Groendyke Transport Inc. ("Groendyke" or Defendant") for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended ("FLSA").

## I.   NATURE OF SUIT

1. Congress passed the Fair Labor Standards Act in 1938 in an effort to eliminate low wages, long hours, and provide American workers with a wage that would support a minimum standard of living. The FLSA seeks to achieve these goals by providing a minimum wage, the prohibition of more than forty (40) hours in a single workweek without the payment of a premium or "overtime," as well as other protections for employees. The FLSA did not prohibit overtime, but rather, by imposing a premium rate for overtime, the FLSA discouraged working employees for longer than forty (40) hours in a single workweek. *See Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 577-78 (1942).

2. Plaintiff and the other similarly situated individuals she seeks to represent, who are Defendant's current and former employees, routinely worked in excess of forty (40) hours in a workweek while employed as "logistics coordinators".

1

3. Plaintiff and Collective Members were not paid overtime at a rate of one-and-one-half times their regular rate for all hours worked in excess of forty (40) per workweek.

4. Plaintiff and Collective Members did not perform work that meets the definition of exempt work under the FLSA.

5. Because there are other putative plaintiffs who are similarly situated to Plaintiff with regard to work performed and Defendant's compensation policies, Plaintiff brings this action as a collective action under the FLSA to recover unpaid overtime wages, liquidated damages, attorneys' fees, and costs on behalf of herself and all others similarly situated.

## II. PARTIES

6. Plaintiff, Ashley Brown, is an individual and resident of Texas. Plaintiff was employed by Defendant within the three-year period preceding the filing of this lawsuit. At all relevant times mentioned, Plaintiff was an "employee" of Defendant as defined by the FLSA. Plaintiff has consented to be a party-plaintiff to this action as indicated by the attached notice of consent.

7. The Putative Collective Members under the FLSA ("Collective Members") are all individuals employed by Defendant in the United States at any time in the three-year period prior to the filing of this lawsuit, who worked as logistics coordinators and were paid a salary for all hours worked, including hours worked in excess of forty (40) each workweek. The Collective Members will "opt in" pursuant to the FLSA by filing a consent to become a party-plaintiff. *See* 29 U.S.C. § 216(b). The Collective Members include all individuals who file a consent to join this lawsuit.

8. Defendant, Groendyke Transport Inc. ("Groendyke"), is a corporation formed under the laws of Oklahoma. Defendant operates a logistic services business with locations in

Alabama, Arkansas, Arizona, Colorado, Florida, Georgia, Illinois, Kansas, Louisiana, Missouri, New Mexico, North Carolina, Oklahoma, South Carolina, Texas, and Wyoming. Defendant's corporate headquarters is in Enid, Oklahoma. Defendant can be served with process by serving its registered agent, Corporation Service Company 10300 Greenbriar Place, Oklahoma City, Oklahoma, 73159.

## III.   JURISDICTION AND VENUE

9. This Court has subject-matter jurisdiction over this matter, which arises primarily under federal law. Specifically, this Complaint asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* and 26 U.S.C. § 7434. Therefore, this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391. Defendant is a resident of Garfield County, which is located within this District.

## IV.   COVERAGE UNDER THE FLSA

11. At all relevant times, Defendant has been an "employer" of Plaintiff and Collective Members, within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12. At all relevant times, Defendant have acted directly or indirectly in the interest of an employer with respect to Plaintiff and Collective Members.

13. At all relevant times, Defendant has been an "enterprise" within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r), in that Defendant has been engaged in the performance of related activities for a common business purpose—namely, operating a logistic services business called Groendyke Transport where Plaintiff was employed to work as a logistics coordinator.

14. At all relevant times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 C.F.R. § 779.22 and Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had (a) employees engaged in commerce or in the production of goods for commerce, or (b) employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

15. At all relevant times, Plaintiff and Collective Members were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)), of Defendant who are engaged in commerce or in the production of goods for commerce as required by the FLSA. Specifically, as part of their employment, Plaintiff and Collective Members regularly and frequently communicated with individuals located in other States by phone and e-mail to monitor freight movements in interstate commerce. In addition, Plaintiff and Collective Members were responsible for data entry and record keeping in Defendant's transportation management software.

### V.  FACTS

16. From approximately October of 2017 until March of 2022, Defendant employed Plaintiff Ashley Brown to work as a "Logistics Coordinator" in Texas and paid Plaintiff on a salary-basis during her employment. For example, in 2019 Plaintiff was paid an annual salary of $55,000.00.

17. Defendant employed Plaintiff and other individuals as "logistics coordinators" within the three (3) year period preceding the filing of this lawsuit and paid them all an annual salary for all hours worked, including hours worked in excess of forty (40) each workweek.

18. Defendant employed Plaintiff and Collective Members as "logistics coordinators" to monitor freight movements in interstate commerce. As logistics coordinators, Plaintiff and Collective Members performed job duties such as tracking inbound and outbound freight shipments, communicating with truck drivers to dispatch loads and ensure deliveries were completed on time, and entering load information on Defendant's transportation management software.

19. Defendant classified Plaintiff and Collective Members as exempt employees and paid them a fixed-salaried rate of pay for all hours worked. Plaintiff and Collective Members were paid the same rate of pay regardless of the number of hours they worked in each workweek.

20. For example, throughout Plaintiff's employment, Defendant scheduled Plaintiff to work on a two-week rotating schedule.

21. During the first week of the rotating schedule, Plaintiff was scheduled to work on five (5) days—Monday through Tuesday and Friday through Sunday—beginning each scheduled workday at approximately 6:00 a.m. and continuing to work until 6:00 p.m. In other words, during the first week of the rotating schedule, Plaintiff regularly worked approximately 60 hours.

22. During the second week of the rotating schedule, Plaintiff was scheduled to work two (2) days—Wednesday through Thursday—beginning each scheduled workday at approximately 6:00 a.m. and continuing to work until 6:00 p.m. In other words, during the second week of the rotating schedule, Plaintiff regularly worked approximately 24 hours.

23. Throughout Plaintiff's employment with Defendant, Plaintiff was classified as exempt and was not compensated at one and one-half times her regular hourly rate of pay for all hours worked in excess of forty hours in each workweek. Instead, Defendant paid Plaintiff the same

fixed-salaried rate of pay for all hours worked.

24. Plaintiff and Collective Members regularly worked more than forty (40) hours in each workweek. However, Defendant paid Plaintiff and Collective Members a salary for all hours worked after forty (40) hours in each workweek.

25. In other words, while paying Plaintiff and Collective Members a salary, Defendant did not pay Plaintiff and Collective Members one-and-one-half her regular rate for the hours Plaintiff and Collective Members worked over forty (40) in a workweek.

26. Defendant misclassified Plaintiff and Collective Members as exempt employees and paid Plaintiff and Collective Members a salary to avoid overtime compensation.

27. Defendant maintained control, oversight, and direction over its operations, including employment practices. Defendant controlled and made decisions differently affecting Plaintiff and Collective Members' employment, including determining their rate of pay, implementing payment policies, and setting Plaintiff and Collective Members' work schedules.

28. Plaintiff and Collective Members were required to comply with Defendant's policies and procedures in performing their work during their employment with Defendant.

29. Plaintiff and Collective Members did not have the responsibility or authority to enter contracts for services on behalf of Defendant.

30. Plaintiff and Collective Members were not responsible for making or procuring sales for Defendant.

31. Plaintiff and Collective Members did not have the power to hire, fire, discipline, or promote any of Defendant's employees.

32. Plaintiff and Collective Members did not perform job duties that warrant exempt

status under the FLSA overtime provisions.

33. Defendant did not have a policy in place to track all of Plaintiff and Collective Members' hours worked.

34. Defendant's method of paying Plaintiff and Collective Members in violation of the FLSA was not based on good-faith and a reasonable belief that its conduct complied with the FLSA. Therefore, an award of liquidated damages is mandatory.

35. Defendant's method of paying Plaintiff and Collective Members in violation of the FLSA was willful and was not based on good-faith and reasonable belief that its conduct complied with the FLSA. A three-year statute of limitations applies due to the willful nature of the violations. 29 U.S.C. § 255(a).

36. Defendant is an employer subject to the provisions of the FLSA and therefore violated the provisions of sections 11(c) and 15(a)(5) of the FLSA in that Defendant failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the FLSA and found in 29 C.F.R. Part 516. Specifically, Defendant failed to maintain a weekly record of hours worked, failed to record overtime hours, i.e., hours worked more than forty hours in a workweek, and failed to record the correct overtime rate of pay for such hours.

## VI. COLLECTIVE ACTION ALLEGATIONS

37. The foregoing paragraphs are fully incorporated herein.

38. Plaintiff brings this FLSA claim as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) (the "FLSA Collective Action"). In addition to the claims of the individually

named Plaintiff, Plaintiff brings this action as a representative of all similarly situated former and current employees of Defendant. The proposed collective of similarly situated employees ("Class Members") sought to be certified pursuant to the FLSA, is defined as:

> **All individuals employed by Defendant in the United States at any time in the three-year period prior to the filing of this lawsuit, who worked as logistics coordinators and were paid a salary for all hours worked, including hours worked in excess of forty (40) each workweek.**

39.     FLSA claims may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

40.     Other employees have been victimized by Defendant's common pattern, practice, and scheme of paying employees in violation of the FLSA. Plaintiff is aware of other employees at who were paid in the same unlawful manner as Plaintiff. Plaintiff is aware that the illegal practices or policies of Defendant have been uniformly imposed on other logistics coordinators who worked for Defendant. Specifically, Plaintiff is aware of other logistics coordinators who regularly and frequently worked more than forty (40) hours each workweek and were not paid overtime compensation.

41.     Plaintiff and Collective Members have the same pay structure, have the same job duties, were all paid a salary, and were all not paid at a rate of one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) each workweek. Plaintiffs and Collective Members are all victims of Defendant's unlawful compensation scheme.

42.     Plaintiffs and the Collective Members are all non-exempt for purposes of overtime wage payments under the FLSA.

43.     Defendant's failure to pay overtime wages pursuant to the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the

Collective Members. Plaintiff's experiences regarding pay is typical of the experiences of the Collective Members.

44. Although the exact amount of damages may vary among Collective Members, the damages for the Collective Members can be easily calculated by a simple formula. The Collective Members' claims arise from a common nucleus of facts. Specifically, Defendant's systematic course of illegal conduct in violation of the FLSA's overtime wage requirements caused harm to Plaintiff and Collective Members.

45. On information and belief, the number of similarly situated current and former non-exempt employees employed by Defendant exceeds 40 workers. Therefore, there are numerous other similarly situated employees and former employees of Defendant who have been improperly compensated in violation of the FLSA who would benefit from the issuance of court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit.

### VII.   CAUSE OF ACTION FAILURE TO PAY OVERTIME IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

46. The foregoing paragraphs are fully incorporated herein.

47. At all material times, Plaintiff and Collective Members were Defendant's employee as defined by the FLSA.

48. At all times, Plaintiff and Collective Members were non-exempt employees for purposes of overtime under the FLSA.

49. Defendant paid Plaintiff and Collective Members a salary for all hours worked, and therefore, Defendant violated Section 7 of the FLSA, 29 U.S.C. § 207, 215(a)(2), by employing Plaintiff and Collective Members in an enterprise engaged in commerce or in the production of commerce within the meaning of the FLSA, as aforesaid, and failing to pay Plaintiff and Collective

Members at a rate of not less than one-and-one-half times her regular rate for every hour worked over forty (40) in each workweek.

50. Plaintiff and Collective Members' regular rate must include all compensation, bonuses, and other remuneration paid by Defendant for purposes of calculating the overtime rate. *See* 29 C.F.R. 778.208.

51. None of the exemptions or defenses provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required overtime rate are applicable to Defendant, Plaintiff, or Collective Members.

### VIII. DAMAGES SOUGHT

52. The foregoing paragraphs are fully incorporated herein.

53. Plaintiff and Collective Members are entitled to recover compensation for the hours worked over forty (40) in a workweek, but for which Plaintiff and Collective Members were not paid at one-and-one-half times their regular rate. The regular rate shall include all remuneration paid by Defendant. *See* 29 C.F.R. 778.208.

54. Plaintiff and Collective Members are also entitled to an amount equal to all of the unpaid overtime wages as liquidated damages as Defendant's actions were not based upon good faith. *See* 29 U.S.C. § 216(b).

55. Plaintiff and Collective Members are entitled to recover attorneys' fees and costs as required by the FLSA. *See* 29 U.S.C. § 216(b).

### IX. JURY DEMAND

56. Plaintiff demands a trial by jury on all triable issues.

## X.   PRAYER

57.   Plaintiff, individually and on behalf of all Collective Members, prays for judgment against Defendant as follows:

i. For an order pursuant to Section 216 of the FLSA finding Defendant liable for unpaid overtime wages due to Plaintiff (and those who may join in the suit), and for liquidated damages equal in amount to the unpaid overtime wages due to Plaintiff (and those who may join in the suit);

ii. For an order awarding Plaintiff (and those who may join in the suit) all attorneys' fees incurred;

iii. For an order awarding Plaintiff (and those who may join in the suit) all costs and expenses incurred in pursuing this action;

iv. For an order awarding Plaintiff (and those who may join in the suit) an amount of pre-judgment interest, as may be appropriate, and post-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621; and

v. For an order granting any such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

By: */s/ Drew N. Herrmann*
Drew N. Herrmann
Texas Bar No. 24086523
*drew@herrmannlaw.com*
Pamela G. Herrmann
Texas Bar No. 24104030
*pamela@herrmannlaw.com*
Allison H. Luttrell
Texas Bar No. 24121294
*allison@herrmannlaw.com*

**HERRMANN LAW, PLLC**
801 Cherry St., Suite 2365

Fort Worth, TX 76102
Phone: 817-479-9229
Fax: 817-840-5102

-AND-

Harold L. Lichten, pro hac vice anticipated
*hlichten@llrlaw.com*
Matthew Thomson, pro hac vice anticipated
*mthomson@llrlaw.com*
**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston Street, Suite 2000
Boston, MA 02116
Tel. 617-994-5800
Fax: 617-994-5801

ATTORNEYS FOR PLAINTIFF
AND THE COLLECTIVE MEMBERS