**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

**ASHLEY BROWN, individually and on behalf of all others similarly situated,**

***Plaintiff,***

**v.**

**GROENDYKE TRANSPORT INC.**

***Defendant.***

**NO. 5:22-CV-00549-J**

**PLAINTIFF'S RESPONSE IN OPPOSITION TO [ECF NO. 22] DEFENDANT'S MOTION TO STAY**

# PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STAY CONDITIONAL CERTIFICATION AND FOR SCHEDULING ORDER ALLOWING LIMITED DISCOVERY AND DISPOSITIVE MOTION PRACTICE

# TABLE OF CONTENTS

I. Introduction ..... 1

II. Background ..... 4

III. Argument ..... 5

A. Conditional certification is determined early in the case, prior to discovery, and prior to deciding the merits of the claims and defenses. ..... 6

B. There is no reason to delay issuing notice to conduct pre-certification discovery. ..... 9

C. Defendant's request to stay this case for discovery and dispositive motions is inefficient and subverts the remedial purposes of the FLSA. ..... 12

D. Defendant's proposed stay will result in the timing out of collective action members' claims. ..... 15

IV. Conclusion ..... 16

# TABLE OF AUTHORITIES

## Cases

*Adair v. Wis. Bell, Inc.*,
No. 08-C-280, 2008 U.S. Dist. LEXIS 104780 (E.D. Wis. July 2, 2008) .............. 10

*Aldama v. Fat Alley, Inc.*,
No. 19-cv-524-WJM-MEH, 2019 U.S. Dist. LEXIS 163103 (D. Colo. Sep. 24, 2019) .............. 2, 6

*Anderson v. Perdue Farms, Inc.*,
2007 WL 4554002 (M.D. Ala. Dec. 20, 2007) .............. 11

*Bass v. PJComn Acquisition Corp.*,
2010 WL 3720217 (D. Colo. Sept. 15, 2010) .............. 8

*Bergman v. Kindred Healthcare, Inc.*,
949 F. Supp. 2d 852 (N.D. Ill. 2013) .............. 8

*Boldozier v. Am. Fam. Mut. Ins. Co.*,
375 F. Supp. 2d 1089 (D. Colo. 2005) .............. 6, 7

*Brown v. Money Tree Mortg., Inc.*,
222 F.R.D. 676 (D. Kan. 2004) .............. 7, 8

*Ewing v. First Energy Corp.*,
No. 2:17-cv-01573, 2019 U.S. Dist. LEXIS 243220 (W.D. Pa. June 6, 2019) .............. 11

*Ewing v. First Energy*,
No. 2:17-01573-MRH, ECF Document 38 (W.D. Pa. July 26, 2018) .............. 11

*Florence v. Deli Mgmt.*,
No. 1:18-cv-4303-SCJ, 2018 U.S. Dist. LEXIS 221794 (N.D. Ga. Dec. 18, 2018) .............. 12

*Garza v. Fusion Indus., LLC*,
No. CIV-20-336-D, 2022 U.S. Dist. LEXIS 66406 (W.D. Okla. Apr. 11, 2022) .............. 3, 8, 9

*Genesis Healthcare Corp. v. Symczyk*,
569 U.S. 66, 75 133 S. Ct. 1523 (2013) .............. 2

*Green v. Perry's Rests. LTD*,
No. 21-cv-0023-WJM-NRN, 2022 U.S. Dist. LEXIS 202548 (D. Colo. Nov. 7, 2022) ........ 6, 7, 13

*Green v. Perry's Rests. LTD*,
No. 21-cv-0023-WJM-NRN, ECF Document 68 (D. Colo. Dec. 15, 2021) ........ 9

*Hoffman-La Roche Inc. v. Sperling*,
493 U.S. 165 (1989) ........ 2, 10, 12, 14

*Hornaday v. Mt. States Casing, Ltd. Liab. Co.*,
No. 15-cv-1011-WJM-KLM, 2016 U.S. Dist. LEXIS 184280 (D. Colo. June 8, 2016) ........ 1

*Hose v. Henry Indus.*,
49 F. Supp. 3d 906 (D. Kan. 2014) ........ 8

*In re Bank of America Wage and Hour Employment Litigation*,
2010 WL 4180530 (D. Kan. Oct. 20, 2010) ........ 15

*In re Chipotle Mexican Grill, Inc.*,
2017 WL 4054144 (10th Cir. Mar. 27, 2017) ........ 1

*Isaacs v. Total Aggregate, LLC*,
No. CIV-21-945-J, 2022 U.S. Dist. LEXIS 44667 (W.D. Okla. Mar. 10, 2022) ........ 3, 6, 15

*Landry v. Swire Oilfield Servs., L.L.C.*,
252 F. Supp. 3d 1079 (D.N.M. 2017) ........ 2

*Langston v. U.S. Sec. Assocs., Inc.*,
No. CIV-18-868-PRW, 2019 U.S. Dist. LEXIS 148354 (W.D. Okla. Aug. 30, 2019) ........ 1

*Leuthold v. Destination Am., Inc.*,
224 F.R.D. 462 (N.D. Cal. 2004) ........ 13

*Lichy v. Centerline Commc'ns LLC*,
No. 15-cv-13339-ADB, 2018 WL 1524534 (D. Mass. Mar. 28, 2018) ........ 8

*Luckett v. Caldwell Transport Co., LLC*,
No. 5:17-cv-00934-W, *Order Granting Conditional Certification*, ECF Document 30 (W.D. Ok. Apr. 27, 2018) ........ 7

*Lynch v. United Servs. Auto. Ass'n*,
491 F. Supp. 2d 357 (S.D.N.Y. 2007) ........ 8

*Maestas v. Day & Zimmerman, LLC*,
No. 09-19 JH/LFG, 2009 U.S. Dist. LEXIS 133924 (D.N.M. May 13, 2009) ........ 9

*McConnell v. En Eng'g, LLC*,
No. 2:20-CV-00153-MJH, 2020 U.S. Dist. LEXIS 187375 (W.D. Pa. Oct. 8, 2020) ........ 14

*Mejias v. Banco Popular de P.R.*,
86 F. Supp. 3d 84 (D.P.R. 2015) ........ 9

*Montoya v. CRST Expedited, Inc.*,
311 F. Supp. 3d 411 (D. Mass. 2018) ........ 8

*Morris v. MPC Holdings, Inc.*,
No. 20-cv-02840-CMA-NYW, 2021 U.S. Dist. LEXIS 170802 (D. Colo. Sep. 9, 2021) ........ 8

*Myers v. Hertz Corp.*,
624 F.3d. 537 (2nd Cir. 2010) ........ 2

*Nehmelman v. Penn Nat'l Gaming, Inc.*,
822 F. Supp. 2d 745 (N.D. Ill. 2011) ........ 8

*O'Connor v. Oakhurst Dairy*,
No. 2:14-CV-00192-NT, 2015 WL 2452678 (D. Me. May 22, 2015) ........ 9

*Oldershaw v. DaVita Healthcare Partners, Inc.*,
2017 WL 2391061 (D. Colo. Jun. 1, 2017) ........ 2, 15

*Renfro v. Spartan Computer Services, Inc.*,
243 F.R.D. 431 (D. Kan. 2007) ........ 7

*Rindfleisch v. Gentiva Health Servs.*,
No. 1:10-cv-3288-JEC, 2010 U.S. Dist. LEXIS 153165 (N.D. Ga. Nov. 15, 2010) ........ 15

*Sanaah v. Howell*,
2009 WL 980383 (D. Colo. Apr. 9, 2009) ........ 4

*Sharp. v. CGG Land (U.S.) Inc.*,
2015 WL 222486 (N.D. Okla. Jan. 14, 2015) ........................................................ 7

*Smith v. Family Video Movie Club, Inc.,*
No. 11-C-1773, 2012 WL 580775 (N.D. Ill. Feb. 22, 2012) .................................... 8

*Spencer v. Mental Health Res., Inc.*,
No. 1:21-cv-00121 MIS/JHR, 2022 U.S. Dist. LEXIS 136455 (D.N.M. Aug. 1, 2022) ..................................................................................... 3, 9, 10, 12

*Sperling v. Hoffman-La Roche, Inc.*,
118 F.R.D. 392 (D.N.J. 1988) ......................................................................... 14

*Stelmachers v. Maxim Healthcare Services, Inc.*,
2013 WL 12251304 (N.D. Ga. June 5, 2013) .................................................. 11, 12

*Thiessen v. Gen. Elec. Capital Corp.*,
267 F.3d 1095 (10th Cir. 2001) ........................................................................ 6

*Vondriska v. Premier Mortg. Funding, Inc.*,
564 F. Supp. 2d 1330 (M.D. Fla. 2007) ........................................................ 3, 9

*Williams v. Sprint/United Mgmt. Co.*,
222 F.R.D. 483 (D. Kan. 2004) ........................................................................ 7

*Zanes v. Flagship Resort Dev., LLC*,
No. 09-3736 (JEI/JS), 2010 U.S. Dist. LEXIS 118975 (D.N.J. Nov. 9, 2010)........ 10

**Statutes**

Fair Labor Standards Act ("FLSA"),
29 U.S.C. § 216(b) ......................................................................... 1, 4, 6, 15

## I. Introduction

This case is a straightforward overtime lawsuit brought under the Fair Labor Standards Act ("FLSA"). In this case, Plaintiff alleges that she and other similarly situated logistics coordinators were not paid overtime as a required by the FLSA because Defendant classified them as allegedly exempt from overtime. *See* ECF No. 1. Shortly after this case was filed, Plaintiff submitted her Motion for Conditional Certification [ECF No. 16]. After the parties fully briefed Plaintiff's motion for conditional certification, Defendant filed a motion to stay conditional certification for a minimum of *six months*, seeking to conduct extensive discovery and then move for summary judgment, all prior to conditional certification. *See Def's Mot to Stay,* [ECF No. 22 at p. 3]. Defendant's request for the Court to stay conditional certification so Defendant can engage in full-blown merits discovery and then move for summary judgment prior to conditional certification is contrary to the purpose of the two-step FLSA collective action process.

Section 216(b) of the FLSA permits an employee to bring an action as a "collective action [] where the allegedly aggrieved employees are similarly situated." *Hornaday v. Mt. States Casing, Ltd. Liab. Co.*, No. 15-cv-1011-WJM-KLM, 2016 U.S. Dist. LEXIS 184280, at *3 (D. Colo. June 8, 2016) (citing 29 U.S.C. § 216(b)) (internal quotation marks omitted); *see also In re Chipotle Mexican Grill, Inc.*, 2017 WL 4054144, at *1 (10th Cir. Mar. 27, 2017) (quoting 29 U.S.C. § 216(b)); *Langston v. U.S. Sec. Assocs., Inc.*, No. CIV-18-868-PRW, 2019 U.S. Dist. LEXIS 148354, at *2 (W.D. Okla. Aug. 30, 2019). Plaintiff is currently seeking conditional certification – the first step in the two-step collective action

certification process.[1]

As the Supreme Court has made clear, "[t]he ***sole consequence*** of conditional certification is the sending of court-approved written notice to employees, … who in turn become parties to a collective action only by filing written consent with the court, § 216(b)." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75, 133 S. Ct. 1523, 1530 (2013) (emphasis added); *see also Landry v. Swire Oilfield Servs., L.L.C.*, 252 F. Supp. 3d 1079, 1114 (D.N.M. 2017) ("the purpose of this first stage is merely to determine *whether* 'similarly situated' plaintiffs do in fact exist[.]") (quoting *Myers v. Hertz Corp.*, 624 F.3d. 537, 555 (2nd Cir. 2010). Accordingly, procedural fairness and judicial efficiency are best served by conditionally certifying, and promptly providing notice to, members of Plaintiff's proposed collective in this case. *See Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989) (holding that benefits of a Section 216(b) collective action "depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate"); *Oldershaw v. DaVita Healthcare Partners, Inc.*, 2017 WL 2391061, at *3 (D. Colo. Jun. 1, 2017) ("[g]iving notice this early in the case [is important and] helps protect the rights of employees and former employees because filing of the consent tolls any statute of limitation.").

Moreover, as courts in this Circuit have made clear, "[w]hether [Plaintiffs and other

[1] "Whether employees are similarly situated is judged in two stages: a preliminary or notice stage (at issue here) and then a more searching, substantive stage, usually after the close of discovery." *Aldama v. Fat Alley, Inc.*, No. 19-cv-524-WJM-MEH, 2019 U.S. Dist. LEXIS 163103, at *3 (D. Colo. Sep. 24, 2019) (citation omitted).

logistics coordinators] were, in fact, misclassified is a dispute beyond the scope of the motion for conditional certification." *Garza v. Fusion Indus., LLC*, No. CIV-20-336-D, 2022 U.S. Dist. LEXIS 66406, at 7 n.1 (W.D. Okla. Apr. 11, 2022) (citing *Vondriska v. Premier Mortg. Funding, Inc.*, 564 F. Supp. 2d 1330, 1335-36 (M.D. Fla. 2007) ("[V]ariations in specific duties. . .or the availability of various defenses are examples of factual issues that are not considered at [the notice] stage . . . .") (internal citations omitted, paraphrasing in original); *see also Spencer v. Mental Health Res., Inc.*, No. 1:21-cv-00121 MIS/JHR, 2022 U.S. Dist. LEXIS 136455, at *4-5, *10 (D.N.M. Aug. 1, 2022) ("In this initial stage, 'the court does not decide the merits of the underlying claims or resolve factual disputes.'").

Finally, despite Defendant's contention, staying conditional certification is not more efficient—any decision rendered on summary judgment before notice goes out would only bind and apply to the named plaintiff and the one current opt-in plaintiff. For instance, if the Court hypothetically ruled in favor of Defendant on summary judgment prior to conditional certification, there would then be subsequent lawsuits by other Logistics Coordinators who are not bound by the judgement. On the other hand, if the Court stayed this case and then denied Defendant's motion for summary judgment, additional opt-ins would then join this case, which would be followed by a second round of duplicative motion practice and discovery related to the claims of the opt-ins.[2]

[2] Notwithstanding the inefficiencies caused by a stay, as discussed below, Plaintiff and putative opt-in plaintiffs would be prejudiced by further delay. *See e.g., Isaacs v. Total Aggregate, LLC*, No. CIV-21-945-J, 2022 U.S. Dist. LEXIS 44667, at *4 (W.D. Okla. Mar. 10, 2022) ("[t]he statute of limitations continues to run on each individual's

Despite all the authority holding conditional certification should be decided early in the case, Defendant fails to cite any legal authority or justification that a stay of Plaintiff's motion for conditional certification is appropriate. The weight of authority directs courts to consider conditional certification early in the case and without considering the merits of the claims or defenses. There is no authority cited by Defendant that would allow a court to avoid consideration of a motion for conditional certification—which is now fully briefed and ripe—simply because Defendant wants the Court to first determine the merits before conditional certification. This Court should conditionally certify Plaintiff's proposed collective as soon as practicable, and should reject Defendant's request for a stay to conduct pre-certification discovery.

**II. Background**

On September 26, 2022, Plaintiff filed a Motion for Conditional Certification. *See* [ECF No. 16]. Thereafter, Defendant filed a response to Plaintiff's motion for conditional certification. *See* [ECF No. 20]. As set forth in Plaintiff's Reply, [ECF No. 21], Defendant did not attach any evidence to its response and did not argue that Plaintiff is not similarly situated to Defendant's other logistics coordinators. *See Pls' Reply in Supp. Cond. Cert,* [ECF No. 21 at pp. 1-2]. Instead, in its response to Plaintiff's Motion for Conditional Certification, Defendant baldly asserted—without any evidence or support—that it

claim until they have filed a written consent to join the action.") (citing 29 U.S.C. § 216(b)); *Sanaah v. Howell*, 2009 WL 980383, at * 1 (D. Colo. Apr. 9, 2009) (discussing the inherent prejudice caused by delay including fading memories and lost or destroyed evidence).

correctly classified its logistics coordinators as exempt from overtime. *See e.g., Id.* [ECF No. 21 at pp. 4-5]; *Def's Resp in Opp to Cond. Cert,* [ECF No. 20 at pp. 1-2].

After Defendant filed its response to Plaintiff's Motion for Conditional Certification, where it all but acknowledged that Plaintiff meets the lenient, two-step conditional certification standard, Defendant filed a motion to stay Plaintiff's motion for conditional certification. *See Def's Mot to Stay,* [ECF No. 22]. In its Motion to Stay, Defendant argues that it would be more efficient to conduct full merits discovery and brief summary judgment, all prior to addressing Plaintiff's Motion for Conditional Certification. *See Id.,* [ECF No. 22 at p. 3].

**III. Argument**

In its Motion to Stay, Defendant asks this Court to disregard the two-step process for conditional certification, which is followed in the Tenth Circuit, and around the country. Defendant also seeks to whittle down the claims of potential opt-in members, which will continue to time out until notice is issued. Defendant offers no legitimate reason why this Court should deviate from the standard two-step conditional certification process followed by courts in the Tenth Circuit and analyze the merits of the claims prior to conditional certification.

Defendant will not suffer any prejudice if its request for a stay is denied. Following the issuance of notice and the completion of discovery, Defendant will have every opportunity to move for summary judgment and/or to decertify the collective. By contrast, as noted above, collective action members will suffer significant prejudice if Defendant's

request is granted – discovery and summary judgment briefing will delay notice by many months, and will result in the statute of limitations on these individuals' claims continuing to run.[3] This Court should not deviate from well-established practices in this Circuit and should deny Defendant's request to unnecessarily delay and bifurcate this proceeding.

### A. Conditional certification is determined early in the case, prior to discovery, and prior to deciding the merits of the claims and defenses.

In the Tenth Circuit, collective action certification takes place in two stages: a preliminary or "notice stage" (at issue here) and then a more searching, substantive stage, after the close of discovery. *See Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102-03, 1105 (10th Cir. 2001); *see also Aldama,* 2019 U.S. Dist. LEXIS 163103, at *3.

At the first stage—the notice stage—a plaintiff must offer "nothing more than substantial allegations that the putative [collective action] members were together the victims of a single decision, policy, or plan." *Green v. Perry's Rests. LTD*, No. 21-cv-0023-WJM-NRN, 2022 U.S. Dist. LEXIS 202548, at *6-7 (D. Colo. Nov. 7, 2022) (citing *Thiessen*, 267 F.3d at 1102 (internal quotation marks omitted); *Boldozier v. Am. Fam. Mut. Ins. Co.*, 375 F. Supp. 2d 1089, 1092 (D. Colo. 2005) (applying *Thiessen* standard). "The standard for certification at this stage is a lenient one." *Green v. Perry's Rests. LTD.,* (citing *Thiessen*, 267 F.3d at 1103; *Williams v. Sprint/United Mgmt. Co.*, 222 F.R.D. 483, 485 (D.

---

[3] In an FLSA collective action, "[t]he statute of limitations continues to run on each individual's claim until they have filed a written consent to join the action." *Isaacs v. Total Aggregate, LLC*, No. CIV-21-945-J, 2022 U.S. Dist. LEXIS 44667, at *4 (W.D. Okla. Mar. 10, 2022) (citing 29 U.S.C. § 216(b)).

Kan. 2004)).

Indeed, conditional certification is addressed at the very outset of the case—before any discovery has taken place—and is typically granted based solely on the allegations in the complaint and affidavits from one or two plaintiffs or opt-in plaintiffs. *See Luckett v. Caldwell Transport Co., LLC*, No. 5:17-cv-00934-W, *Order Granting Conditional Certification*, ECF Document 30, p. 4 (W.D. Ok. Apr. 27, 2018) (granting conditional certification based on affidavits of plaintiff and three opt-ins); *Sharp. v. CGG Land (U.S.) Inc.*, 2015 WL 222486, at *2 (N.D. Okla. Jan. 14, 2015) (stating that courts focus "on whether the complaint and other allegations show that potential class members are 'similarly situated.'"); *Green v. Perry's Rests. LTD*, No. 21-cv-0023-WJM-NRN, 2022 U.S. Dist. LEXIS 202548, at *6-7 (D. Colo. Nov. 7, 2022) (applying "lenient" standard and conditionally certifying collective of defendant's employees who worked in Colorado, Alabama, North Carolina, and Florida.); *Renfro v. Spartan Computer Services, Inc.*, 243 F.R.D. 431, 434 (D. Kan. 2007) ("[c]ourts have repeatedly held that at the notice stage. . .a court need only consider the substantial allegations of the complaint along with any supporting affidavits or declarations.") (citation omitted); *Boldozier,* 375 F. Supp. 2d at 1093 (considering allegations and declarations at notice stage); *Brown v. Money Tree Mortg., Inc.*, 222 F.R.D. 676, 680-81 (D. Kan. 2004) (considering allegations and affidavits at notice stage); *Williams,* 222 F.R.D. 483, 485 (D. Kan. 2004) (analyzing certification at the notice stage under the lenient standard and looking to plaintiff's substantial allegations and affidavits)); *Bass v. PJComn Acquisition Corp.*, 2010 WL 3720217, at *2-3 (D. Colo. Sept.

15, 2010) (granting conditional certification for drivers in multiple states based on complaint and affidavits from the two named plaintiffs); *Brown v. Money Tree Mortg., Inc.*, at 681 (granting conditional certification based on the complaint and two affidavits from former employees); *Garza*, 2022 U.S. Dist. LEXIS 66406, at *3 (finding conditional certification occurs "fairly early in the litigation, before the parties complete discovery"); *Morris v. MPC Holdings, Inc.*, No. 20-cv-02840-CMA-NYW, 2021 U.S. Dist. LEXIS 170802, at *5 (D. Colo. Sep. 9, 2021) (holding courts "'need only consider the substantial allegations of the complaint along with any supporting affidavits or declarations'; it need not decide the merits of the plaintiff's claims.")(citation omitted); *Hose v. Henry Indus.*, 49 F. Supp. 3d 906, 918 (D. Kan. 2014) (conditionally certifying a nationwide collective involving 25 facilities in 11 states based on the experience of 4 employees from a single Missouri facility).[4]

---

[4] Courts outside of this Circuit also agree that arguments relating to the merits of an employer's affirmative defenses are inappropriate at this initial conditional certification stage because "[t]he court does not make merits determinations, weigh evidence, determine credibility, or specifically consider opposing evidence presented by a defendant." *Bergman v. Kindred Healthcare, Inc.*, 949 F. Supp. 2d 852, 856 (N.D. Ill. 2013); *Nehmelman v. Penn Nat'l Gaming, Inc.*, 822 F. Supp. 2d 745, 751 (N.D. Ill. 2011) ("[T]he court does not consider the merits of a plaintiff 's claims, or witness credibility.); *Smith v. Family Video Movie Club, Inc.,* No. 11-C-1773, 2012 WL 580775, at *4 (N.D. Ill. Feb. 22, 2012) ("It is premature at this juncture to address the merits of Plaintiffs' claims and FVMC's defenses."); *Montoya v. CRST Expedited, Inc.*, 311 F. Supp. 3d 411, 420 (D. Mass. 2018) (quoting *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007) ("[a]t this procedural stage, the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations"); *see also Lichy v. Centerline Commc'ns LLC*, No. 15-cv-13339-ADB, 2018 WL 1524534, at *4 (D. Mass. Mar. 28, 2018) ("courts routinely hold that consideration of the merits of the underlying case is not appropriate on a motion for conditional certification"); *Mejias v. Banco Popular de P.R.*,

### B. There is no reason to delay issuing notice to conduct pre-certification discovery.

Here, it is unnecessary to conduct discovery prior to conditional certification because "[w]hether [Plaintiffs and other logistics coordinators] were, in fact, misclassified is a dispute beyond the scope of the motion for conditional certification." *Garza*, 2022 U.S. Dist. LEXIS 66406, at *7 n.1 (citing *Vondriska v. Premier Mortg. Funding, Inc.*, 564 F. Supp. 2d 1330, 1335-36 (M.D. Fla. 2007) ("[V]ariations in specific duties. . .or the availability of various defenses are examples of factual issues that are not considered at [the notice] stage . . . .") (internal citations omitted, paraphrasing in original); *see also Green v. Perry's Rests. LTD*, No. 21-cv-0023-WJM-NRN, ECF Document 68 (D. Colo. Dec. 15, 2021) ("**ORDERED**: All discovery in this matter is **STAYED** pending the determination of the Motion for Conditional Certification and Court Authorized Notice Pursuant to 29 U.S.C. 216(b)"); *Spencer v. Mental Health Res., Inc.*, No. 1:21-cv-00121 MIS/JHR, 2022 U.S. Dist. LEXIS 136455, at *4-5, *10 (D.N.M. Aug. 1, 2022) ("In this initial stage, 'the court does not decide the merits of the underlying claims or resolve factual disputes.'"); *Maestas v. Day & Zimmerman, LLC*, No. 09-19 JH/LFG, 2009 U.S. Dist. LEXIS 133924, at *2 (D.N.M. May 13, 2009) (denying defendants' request for discovery before opposing motion

86 F. Supp. 3d 84, 87 (D.P.R. 2015) ("[A]t this early stage of the litigation, the Court does not [make] credibility determinations or reach the merits of plaintiffs' claims"); *O'Connor v. Oakhurst Dairy*, No. 2:14-CV-00192-NT, 2015 WL 2452678, at *1 (D. Me. May 22, 2015) (finding it would be premature to resolve the misclassification question before determining conditional certification where similarity was premised on job position and pay structure, as here).

for conditional certification); *Zanes v. Flagship Resort Dev., LLC*, No. 09-3736 (JEI/JS), 2010 U.S. Dist. LEXIS 118975, at *9 (D.N.J. Nov. 9, 2010) (granting conditional certification of exemption misclassification case without granting Defendants' request seeking "preliminary discovery on whether Plaintiffs have standing to bring FLSA overtime claims…").

Nevertheless, Defendant asks this Court to ignore the established two-step process governing collective actions and claims it would be more "efficient" to stay Plaintiff's Motion for Conditional Certification—which is now fully briefed—for at least six months so Defendant can first engage in full merits discovery and then move for summary judgment. Contrary to Defendant's assertion, courts routinely reject similar requests to proceed in the fashion Defendant baldly suggests is more "efficient."

In fact, contrary to Defendant's contention, courts routinely find that collective actions "benefit[] the judicial system 'by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged . . . activity.'" *Spencer*, 2022 U.S. Dist. LEXIS 136455, at *3-4 (quoting *Hoffmann-La Roche*, 493 U.S. at 170); *see also Adair v. Wis. Bell, Inc.*, No. 08-C-280, 2008 U.S. Dist. LEXIS 104780, at *7 (E.D. Wis. July 2, 2008) ("[t]o allow limited discovery of the named plaintiffs now, to be followed by more extensive discovery down the road, would only add to the time and expense needed to resolve the case."). As one court explained, "[i]f the court were to grant the defendant's request [to engage in discovery prior to conditional certification], the two-step approach in deciding motions for conditional certification . . . would be severely undermined." *Stelmachers v.*

*Maxim Healthcare Services, Inc.*, 2013 WL 12251304, at *1 (N.D. Ga. June 5, 2013); *see also Anderson v. Perdue Farms, Inc.*, 2007 WL 4554002, at *2 (M.D. Ala. Dec. 20, 2007) ("The Court would rather be consistent with the [two-step] approach suggested in *Hipp* and followed by other Courts in this circuit. Therefore, at this stage, Defendant may only submit affidavits and other evidence to oppose Plaintiff's motion for notice and conditional certification.")

As *First Energy* illustrates, abandoning the well-established conditional certification procedures in favor of Defendant's "merits first" approach is a bad idea. In *First Energy,* the court permitted the defendant to engage in merits discovery like Groendyke requests here, prior to conditional certification. *Ewing v. First Energy*, No. 2:17-01573-MRH, ECF Document 38 (W.D. Pa. July 26, 2018). However, defendant pushed for a fast discovery process, which inevitably led to "[p]laintiff [trying to] squeeze a square discovery peg into a round legal framework hole, much to the frustration of the Court [and] counsel" to set itself up for a motion for summary judgment, which the Court noted caused unnecessary delay. *Ewing v. First Energy Corp.*, No. 2:17-cv-01573, 2019 U.S. Dist. LEXIS 243220, at *4 (W.D. Pa. June 6, 2019). Ultimately, the court found that forgoing traditional FLSA collective action procedure in favor of the defendant's "merits first" process was a "mistake" that created (rather than avoided) significant disputes. *Id.* at *5 ("no matter the Court's constructive intentions at the beginning, the phased discovery approach has so far delayed moving the ball forward."); *see also Id.* at *2 ("The case administration of a civil action in federal court is in some measure like a house. How it holds up will often turn on

the nature of foundation laid by the Court for that process. . . . If the foundation is flawed, then there can be big problems. While counsel play a critical role in constructing that foundation, in the end, that is the Court's responsibility.”). Abandoning the well-established two-step approach to certification in this case will lead to a waste of judicial time and resources, delay and confusion.

**C. Defendant’s request to stay this case for discovery and dispositive motions is inefficient and subverts the remedial purposes of the FLSA.**

Defendant asks this Court to disregard the two-step certification process utilized by Courts in this Circuit and allow it to conduct full discovery and move for summary judgment, all prior to conditional certification, because “Defendant cannot think of any reason” why it should not be permitted. Despite Defendant’s flawed and unsupported assertion, the Supreme Court has endorsed FLSA collective actions because they allow for the “efficient resolution in one proceeding of common issues of law and fact,” and provide plaintiffs with the opportunity to “lower individual costs to vindicate rights by the pooling of resources.” *Hoffmann-LaRoche, Inc.*, 493 U.S. at 170; *Spencer*, 2022 U.S. Dist. LEXIS 136455, at *3-4; *see also Florence v. Deli Mgmt.*, No. 1:18-cv-4303-SCJ, 2018 U.S. Dist. LEXIS 221794 (N.D. Ga. Dec. 18, 2018) (denying defendant's request to take pre-certification discovery and delay briefing opposition to conditional certification as antithetical to FLSA's notice objectives); *Stelmachers*, 2013 U.S. Dist. LEXIS 201115 (N.D. Ga. June 5, 2013) (rejecting defendant's requested precertification discovery as it "defies the remedial purposes of the FLSA" because it "asks this court to improperly and

prematurely jump to the second stage" and would "severely undermine" the two-step approach to certification").

Defendant's proposed sequence simply does not square with the logic of the conditional certification process, or the remedial purposes of the FLSA. *See Leuthold v. Destination Am., Inc.*, 224 F.R.D. 462, 468 (N.D. Cal. 2004) ("[S]hould the court bypass tier one entirely, some potential plaintiffs might not become aware of the lawsuit and would not have an opportunity to join the suit. And should the court proceed to tier two on an unsettled factual record, the court might be deprived of crucial facts that would support plaintiffs' arguments for class treatment."). Defendant's proposed approach requires Plaintiff to gather information about unidentified collective action members, and the court to use this (admittedly limited) information to decide who gets to participate in the collective action and who does not.

Courts in the Tenth Circuit and around the country address conditional certification early in the case so the court and the parties can evaluate the actual group that seeks to proceed collectively, not a hypothetical one. *See e.g., Green v. Perry's Rests. LTD*, Civil Action No. 21-cv-0023-WJM-NRN, 2022 U.S. Dist. LEXIS 202548, at *7 (D. Colo. Nov. 7, 2022) (finding "notice is often necessary because, unlike class actions under Federal Rule of Civil Procedure 23, collective actions under the FLSA require a party to opt in rather than opt out of the putative collective action. . . . Obviously, current or former employees cannot opt in if they do not know about the pending action."); *McConnell v. En Eng'g, LLC*, No. 2:20-CV-00153-MJH, 2020 U.S. Dist. LEXIS 187375, at *10 (W.D. Pa.

Oct. 8, 2020) (quoting *Hoffmann La Roche,* 493 U.S. at 172 ("early notice helps courts to manage the case because it can 'ascertain the contours of the action at the outset.'").

Defendant believes that, after discovery is complete, it will be able to prove Plaintiff and its other logistics coordinators are administrative employees exempt from overtime under the FLSA. In other words, Defendant believes the Court can resolve all the claims of Plaintiff and the logistics coordinators in a single proceeding—by deciding "whether or not the logistics coordinators were properly classified as exempt." *See Def's Resp in Opp to Cond Cert,* [ECF No. 20 at p. 2]. Critically, Defendant suggests this Court could apply its summary judgment ruling to a hypothetical group of yet to be determined collective members—employees who have not been given an opportunity to opt-in to this lawsuit, provide discovery, or assist in litigating the merits.

However, the *very reason* conditional certification is decided at the outset of the case is to allow early "participation by the opt-ins [which] 'assures that the full 'similarly situated' decision is informed, efficiently reached, and conclusive.'" *McConnell v. En Eng'g, LLC*, No. 2:20-CV-00153-MJH, 2020 U.S. Dist. LEXIS 187375, at *10 (W.D. Pa. Oct. 8, 2020) (quoting *Sperling v. Hoffman-La Roche, Inc.*, 118 F.R.D. 392, 406 (D.N.J. 1988) *aff'd in part, appeal dismissed in part sub nom.*, 862 F.2d 439 (3d Cir. 1988), *aff'd and remanded sub nom.*, 493 U.S. 165 (1989)). Learning who the collective action members are is the sensible first step. *See Sperling*, 118 F.R.D. at 406. Following the issuance of notice and the completion of discovery, both the Parties and the Court will have a full picture of the collective at issue in this case, and Defendant will have every opportunity to move for

summary judgment and/or to decertify the collective.

**D. Defendant's proposed stay will result in the timing out of collective action members' claims.**

Delaying conditional certification to allow Defendant to conduct months of discovery and brief summary judgment is not only contrary to the two-step collective action certification approach, but is highly prejudicial to Plaintiff and the putative collective action members in this case. Unlike Rule 23 class actions, in collection actions brought under 29 U.S.C. § 216(b), "[t]he statute of limitations continues to run on each individual's claim until they have filed a written consent to join the action." *Isaacs v. Total Aggregate, LLC*, No. CIV-21-945-J, 2022 U.S. Dist. LEXIS 44667, at *4 (W.D. Okla. Mar. 10, 2022) (citing 29 U.S.C. § 216(b)); *see also In re Bank of America Wage and Hour Employment Litigation*, 2010 WL 4180530, at *2 (D. Kan. Oct. 20, 2010). Indeed, "[g]iving notice this early in the case helps protect the rights of employees and former employees because filing of the consent tolls any statute of limitation." *Oldershaw v. DaVita Healthcare Partners, Inc.*, 2017 WL 2391061, at *3 (D. Colo. Jun. 1, 2017); *see also Rindfleisch v. Gentiva Health Servs.*, No. 1:10-cv-3288-JEC, 2010 U.S. Dist. LEXIS 153165, at *3 (N.D. Ga. Nov. 15, 2010) (finding "discovery is inappropriate under Eleventh Circuit law," and "because the statute of limitations continues to run until each putative plaintiff joins in the action, delay in sending out a notice prejudices putative class members"). If Defendants' proposed approach is adopted, the collective action members will lose months on their potential FLSA claims.

In addition to the prejudice caused by the running of the statute of limitations, any

delay in the dissemination of notice will likely lead to a decrease in evidentiary quality and witness availability. *See* Mariel Rodak, *It's About Time: A Systems Thinking Analysis of the Litigation Finance Industry and Its Effect on Settlement,* 155 U. PA. L.REV. 503, 528 (2006) ("In the litigation context, delay is not only of practical concern, as it results in a decrease in evidentiary quality and witness availability, but also of social concern, as it is cost prohibitive and threatens the credibility of the justice system."). With the passage of time "the memories of the parties and other witnesses may fade, witnesses may relocate or become unavailable, or documents may become lost or inadvertently destroyed. As such, delay may diminish Plaintiff's ability to proceed." *Sanaah v. Howell*, Civ. A. No. 08-cv-02117-REB- KLM, 2009 WL 980383, at * 1 (D. Colo. Apr. 9, 2009).

## IV. Conclusion

Defendant has not provided any persuasive reason why this Court should delay this case and disregard the two-step process for collective action certification while Defendant conducts discovery and litigates the merits. Defendant's motion should be denied.

* * *

Plaintiff respectfully requests this Court to deny Defendant's Motion to Stay Conditional Certification and for Scheduling Order Allowing Discovery and Dispositive Motion Practice, [ECF No. 22]. Plaintiff further requests all such other relief to which Plaintiff may be justly entitled.

Dated: November 17, 2022

Respectfully Submitted,

By: */s/ Drew N. Herrmann*

Drew N. Herrmann
Texas Bar No. 24086523
drew@herrmannlaw.com
Pamela G. Herrmann
Texas Bar No. 24104030
pamela@herrmannlaw.com
Allison H. Peregory
Texas Bar No. 24121294
aperegory@herrmannlaw.com
**HERRMANN LAW, PLLC**
801 Cherry St., Suite 2365
Fort Worth, TX 76102
Phone: 817-479-9229
Fax: 817-840-5102

Harold L. Lichten
*hlichten@llrlaw.com*
Matthew Thomson
*mthomson@llrlaw.com*
Olena Savytska
osavytska@llrlaw.com
**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston Street, Suite 2000
Boston, MA 02116
Tel. 617-994-5800
Fax: 617-994-5801

Jeff A. Taylor
State Bar No. 17210
The Offices at Deep Fork Creek
5613 N. Classen Blvd
Oklahoma City, OK 73118
Phone: (405) 286-1600
Fax: (405) 842-6132

ATTORNEYS FOR PLAINTIFF
AND FLSA COLLECTIVE MEMBERS